UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIVIA SCOTTO,

                    Plaintiff,

            -against-

CITY AND COUNTY OF MAUI et al,

                    Defendants.

20-CV-4497 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

On June 12, 2020, the Court dismissed this action without prejudice on the ground that Plaintiff is barred from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file, *Scotto v. United States*, No. 16-CV-9125 (CM) (S.D.N.Y. Jan. 30, 2017), which she did not do. That order was entered on the docket on June 15, 2020, but could not be mailed to Plaintiff because she had not provided any address with her complaint; Plaintiff also did not consent to electronic service of documents.

More than two months after the case was dismissed without prejudice to Plaintiff's refiling it, on August 24, 2020, Plaintiff filed a 342-page document that is largely unintelligible but that was entered on the docket as a motion for a stay. (ECF 4). Then, on September 29, 2020, Plaintiff filed a notice of appeal together with a motion under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time to appeal. (ECF Nos. 5-6.) For the reasons set forth below, the Court denies Plaintiff's motions.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). A party may move for an extension of time to file a notice of appeal, but under Rule 4(a)(5), must do so, at the latest, within 30 days after expiration of the deadline to

file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). The moving party must also show "excusable neglect or good cause" for the failure to file a notice of appeal within the deadline. Fed. R. App. P. 4(a)(5)(A)(ii). But even where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60 days after entry of judgment. *See Goode*, 252 F.3d at 245 ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained . . . .").

The Court's order of dismissal and civil judgment were entered on June 15, 2020. Thus, Plaintiff had until on or about July 16, 2020, to file a timely notice of appeal, and until August 15, 2020, to file a timely motion for an extension under Rule 4(a)(5) of the time to appeal. Because Plaintiff's motion for an extension of time to appeal was filed too late, the Court denies the motion. The Court also denies Plaintiff's motion for a stay. (ECF No. 4.)

Plaintiff has not filed a change of address notifying the Court of an address where she can receive mail but she lists an address in Florida on her notice of appeal. (ECF No. 6.)

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff at 2710 Golf Heights Circle, Valrico, Florida, 33596, and note service on the docket. The Court denies Plaintiff's motions for a stay and for an extension of the time to file a notice of appeal. (ECF Nos. 4-5.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:    October 1, 2020
           New York, New York

                                  COLLEEN McMAHON
                             Chief United States District Judge